UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAEZE NWOSU,

              Plaintiff,

-against-

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,

              Defendants.

24-CV-7917 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, styles this new action as a "Notice of Removal / Transfer of Venue." Plaintiff has a substantially similar pending action in the United States District Court for the District of Columbia, *Nwosu v. Amer. Exp. Co.*, No. 24-CV-1852 (D.D.C.),[1] and she seeks to "remove" or "transfer" that action to this Court. For the following reasons, this action is transferred to the United States District Court for the District of Columbia.

## DISCUSSION

**A.    Removal and Transfer**

The statute governing removal of an action to federal court provides in relevant part as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

---

[1] Plaintiff originally filed that complaint in the Superior Court of the District of Columbia, *Nwosu v. Am. Exp. Co.*, Case No. 2024-CAB-003433, and Defendants removed it to the United States District Court for the District of Columbia.

Plaintiff's attempt to style this action as a Notice of Removal is improper for multiple reasons. First, removal is available to a defendant – not a plaintiff. *Id.* § 1441 ("Any civil action . . . may be removed by the defendant . . . ."). Second, the procedure allows for removal to a federal district court of an action pending in state court – not an action pending in another federal district court. This complaint therefore cannot be treated as a Notice of Removal.

Plaintiff's attempt to transfer the matter pending in the District of Columbia is also improper. Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Although any party, including the plaintiff, can request transfer of a civil action to another district, the motion to transfer must be brought in the district where the suit is pending. Accordingly, Plaintiff's motion to transfer the action pending in the District of Columbia to this Court is therefore not properly filed in this district.

**B.     Venue**

It is not clear that venue is proper in this district under 28 U.S.C. § 1391(b). Plaintiff's claims appear to have arisen outside this district. Moreover, because Plaintiff already has a pending civil action bringing similar claims, there is a presumption in favor of venue in the forum of the first-filed suit. *New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *Am. Steamship Owners Mut. Protection and Indemnity Assoc., Inc. v. LaFarge No. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007). Accordingly, the Court transfers this action under 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia where the first-filed action is pending. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District

courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").[2]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 30, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

---

[2] The transfer of this action is without prejudice to any determination that the United States District Court for the District of Columbia may make in the matter already pending in that court, *Nwosu*, No. 24-CV-1852.